[Sac. No. 3220. In Bank.—February 3, 1921.]

MASONIC MINES ASSOCIATION, Trusteeship, et al., Petitioners, v. PAT R. PARKER, Judge of the Superior Court in and for the County of Mono, State of California, Respondent.

[1] APPEAL—JUDGMENT—NEW TRIAL PROCEEDING—INCORPORATION IN BILL OF EXCEPTIONS—WHEN UNAUTHORIZED.—Where a new trial proceeding is not prosecuted beyond the service and filing of a notice of intention to move for a new trial and is denied by operation of law because not brought to determination within three months after notice of entry of judgment, it cannot be reviewed on an appeal from the judgment, and a bill of exceptions to be used on such appeal should not contain anything relative thereto.

APPLICATION for a Writ of Mandamus to compel the settlement of a bill of exceptions. Denied.

The facts are stated in the opinion of the court.

Welles Whitmore for Petitioners.

THE COURT.—Application for a writ of mandate to compel judge to settle bill of exceptions.

It appears from the letter of the trial judge set forth in the petition that he is willing and ready to settle the bill

if there be eliminated therefrom all matter appertaining to the notice of intention to move for a new trial and all matter appertaining to a motion for new trial. This, so far as appears, is all that appellant is entitled to, the new trial proceeding never having been prosecuted beyond the service and filing of a notice of intention and other papers, and never having been presented to the trial court, and having been denied by operation of law because not brought to determination within three months after notice of entry of judgment. [1] Under such circumstances the matter of the new trial proceeding cannot be reviewed on an appeal from the judgment, and bill of exceptions to be used on such appeal should not contain anything relative thereto.

The application for a writ of mandate is denied.

All the Justices concurred.